O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRK NEUNER,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>SAFECO INSURANCE CO. OF AMERICA; and DOES 1–50, inclusive,<br><br>　　　　　　Defendants. | Case No. 2:13-cv-1647-ODW(DTBx)<br><br>**ORDER DENYING MOTION FOR LEAVE TO AMEND NOTICE OF REMOVAL [6]** |

On March 13, 2013, the Court *sua sponte* remanded this case to Los Angeles County Superior Court, finding that Defendant Safeco Insurance Co. of America had failed to adequately establish Plaintiff's citizenship for the purpose of diversity jurisdiction. (ECF No. 5.) The Clerk of Court issued a remand letter to Los Angeles Superior Court that same day. (ECF No. 5-1.)

Despite the remand Order, on March 14, 2013, Safeco moved for leave to amend its notice of removal under 28 U.S.C. § 1653. (ECF No. 6.) But Safeco still could not establish Neuner's citizenship and instead alleged that Neuner was likely a citizen of one of three possible states. (ECF No. 6-1.)

Safeco argues that a court may vacate its remand order before the state-court clerk files a certified copy of the remand order. *Bucy v. Nev. Constr. Co.*, 125 F.2d 213, 217–18 (9th Cir. 1942). Safeco contends that because the Los Angeles Superior Court has not yet recorded the remand order, the Court may vacate it the order.

Contrary to Safeco's arguments, the Ninth Circuit held precisely the opposite: "after certification to the state court a federal court cannot vacate a remand order issued under section 1447(c)." *Seedman v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 837 F.2d 413, 414 (9th Cir. 1988) (distinguishing *Bucy*).  When the Clerk of Court issued the remand letter to Los Angeles County Superior Court on March 13, 2013, the certification divested this Court of jurisdiction over this case.

The Court therefore **DENIES** Safeco's Motion for Leave to Amend Notice of Removal.

**IT IS SO ORDERED.**

March 18, 2013

_____

**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**